IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN D. SANTILLANA-WOLF,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social<br>Security Administration,[1]<br><br>Defendant. | Case No. CIV-19-237-SPS |

## OPINION AND ORDER

The claimant Karen D. Santillana-Wolf requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-one years old at the time of the administrative hearing (Tr. 27, 197). She has a high school equivalent education and no past work (Tr. 33, 54). The claimant alleges that she has been unable to work since an amended onset date of September 9, 2016, due to hepatitis C, borderline personality, cirrhosis of the liver, and depression (Tr. 53, 252).

## Procedural History

On September 9, 2016, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 12, 197-202). Her application was denied. ALJ Doug Gabbard, II conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 31, 2018 (Tr. 12-21). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant could perform light work as defined in 20 C.F.R. § 416.967(b) with the nonexertional limitations of avoiding concentrated exposure to dust, gases, fumes, odors, and other pulmonary irritants; unskilled work which is simple, repetitive, and routine;

supervision that is simple, direct, and concrete; interpersonal contact with supervisors and co-workers must be incidental to the work performed, *e. g.,* assembly worker; no requirement to work at fast-paced production line speeds; occasional workplace changes; and no contact with the general public (Tr. 16).  The ALJ then concluded that although the claimant had no past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *e. g.,* inspector/packager, electrical accessories assembler (Tr. 20-21).

### Review

The claimant contends that the ALJ erred by failing to: (i) evaluate all of her impairments at step two, (ii) account for all of her impairments in formulating the RFC, (iii) properly evaluate the medical opinion evidence, (iv) pose a hypothetical question to the vocational expert ("VE") that includes all her limitations, and (v) identify jobs existing in significant numbers that she could perform.  The Court agrees the ALJ did not properly evaluate the state agency physicians' opinion, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

The ALJ found the claimant had the severe impairments of chronic liver disease (hepatitis C and liver cirrhosis), chronic obstructive pulmonary disorder, and affective, anxiety, and substance addiction (alcohol, meth, and marijuana) disorders, but that her tobacco addiction, migraines, right knee and ankle pain, and vision problems were nonsevere (Tr. 14-15).  The relevant medical evidence reveals that providers at Green County Behavioral Health Services treated the claimant for depression and/or posttraumatic stress disorder between September 2017 and May 2018 (Tr. 498-538).  The

claimant generally reported that her medications worked well without side effects, but at a follow-up appointment on May 2, 2018, she reported she was "ridiculously sleepy" and had no energy (Tr. 522).

On November 15, 2016, Kathleen Ward, Ph.D. performed a consultative mental status examination of the claimant (Tr. 432-35). Dr. Ward observed that the claimant appeared nervous, and abruptly and genuinely became tearful as she discussed her history (Tr. 434). She estimated the claimant's intellectual abilities were above seventy and noted the claimant had limited deficits in social judgment and problem solving (Tr. 434). Dr. Ward's examination was normal, and she diagnosed the claimant with posttraumatic stress disorder ("PTSD"), bipolar I disorder, methamphetamine use disorder, alcohol use disorder, and opioid use disorder (Tr. 435).

On November 22, 2016, state agency psychologist Kieth McKee, Ph.D. completed a Psychiatric Review Technique form, and found that the claimant's mental impairments consisted of affective disorders, anxiety disorders, and substance addiction disorders, and that she was moderately impaired in the functional categories of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (Tr. 67-68). Dr. McKee also completed a mental RFC assessment and found that the claimant was markedly limited in her ability to understand, remember, and carry out detailed instructions and to interact appropriately with the general public, and was moderately limited in her ability to work with or in proximity to others without being distracted by them and to respond appropriately to changes in the work setting (Tr. 71-72). In the written comments section, Dr. McKee stated the following:

> Claimant retains sufficient concentration, memory and general cognitive abilities to understand, remember and carry out simple tasks involving objects and/or non-complex date with routine super vision w[ith] the capacity for [concentration, persistence, or pace] for 1-3 st[e]p instructions for 2hr periods over the course of a normal work day/week. Claimant retains adequate social skills to respond/relate appropriately to supervisors and coworkers on a superficial work basis and to perform work where interaction with others is incidental to work performed. Claimant limited to work situations that do not involve interaction with the general public. Clamant is aware of basic hazards and can adapt to a lower stress environment that does not involve numerous changes in daily routing or work duties.

(Tr. 72). These findings were affirmed on review (Tr. 87-89).

In his written opinion, the ALJ summarized the claimant's testimony as well as the medical evidence in the record. In discussing the opinion evidence, he gave partial weight to Dr. Ward's opinion because it was consistent with the claimant's behavioral treatment records (Tr. 19). As to Dr. McKee's opinion, the ALJ summarized some of his assessment and gave it great weight because it was consistent with the medical evidence (Tr. 19). The claimant argues that despite affording his opinion great weight, the ALJ nevertheless failed to properly assess Dr. McKee's opinion because he failed to account for his finding that the claimant could understand, remember, and carry out simple tasks involving objects and/or noncomplex data and adapt to a lower stress work environment. The Court agrees the ALJ failed to account for Dr. McKee's limitation that the claimant could adapt to a lower stress work environment.

Social Security Ruling 96–6p instructs that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4

(July 2, 1996). [3]  These opinions are to be treated as medical opinions from non-examining sources. *Id.* at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id. See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). Here, the ALJ gave great weight to Dr. McKee's opinion, but did not mention Dr. McKee's finding that the claimant required a lower stress work environment and did not explain how such limitation was accounted for in the RFC or why it was rejected. This is improper picking and choosing. *See, e.g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385–86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

      Since the ALJ failed to conduct the appropriate analysis regarding the opinion evidence in the record, his RFC thus fails to account for *all* the evidence in the record. "The RFC assessment must include a narrative discussion describing how the evidence

---

[3] Soc. Sec. Rul. 96-6p was rescinded and replaced by Soc. Sec. Rul. 17-2p for claims filed on or after March 27, 2017. *See* Soc. Sec. Rul. 17-2p, 2017 WL 3928306 (Mar. 27, 2017). Because the claimant filed her application on September 9, 2016, Soc. Sec. Rul. 96-6p applies in this case.

supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). "[I]t is incumbent on the ALJ to comply with SSR 96-8p by providing a narrative explanation for his RFC finding that plaintiff can perform [the] work, citing to specific medical facts and/or nonmedical evidence in support of his RFC findings." *Jagodzinski*, 2013 WL 4849101, at *2.

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

-9-

**DATED** this 10th day of November, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**